UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MARTIN,

    Plaintiff,

                                  Case No. 16-14260

    v.

                                  Hon. Terrence G. Berg

ATTORNEY SCOTT BIGGER         Hon. R. Steven Whalen
and BIGGER LAW FIRM,

    Defendants.
_____/

## ORDER DISMISSING THE CASE FOR FAILURE TO PROSECUTE

On November 28, 2016, plaintiff Daniel Martin filed a *pro se* civil complaint naming his former attorney, Scott Bigger, and the Bigger Law Firm as defendants. The address Plaintiff provided for himself was:

Daniel Martin #7665
1002 Saginaw Street
Flint, MI 48502

This is the address for the Genessee County Jail. The complaint references "ineffective assistance of counsel" and "violation of constitutional rights," and also complains of conditions of confinement. On December 7, 2016, the Court attempted to inform Plaintiff that it was his responsibility to inform the Court of any change in his address. (Dkt. 2). Although the notice was sent to Plaintiff at the address he provided when he filed his complaint, the notice was returned to the Court on December 28, 2016, with the following notation on the envelope:

RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD

(Dkt. 5)

The same thing occurred after United States Magistrate Judge R. Steven Whalen ordered Plaintiff on December 8, 2016, to prepay the filing fee for his complaint or to apply for leave to proceed without prepayment of the filing fee. (Dkt. 3). Magistrate Judge Whalen's order was returned to this Court on December 28, 2016, with the following notation on the envelope:

> RETURN TO SENDER
> NOT DELIVERABLE AS ADDRESSED
> UNABLE TO FORWARD

(Dkt. 4)

This District's Local Rules require a party to promptly notify the Court of any changes in his address. *See* LR 11.2. Under Federal Rule of Civil Procedure 41(b) and LR 41.2, the Court may dismiss a complaint for failure to prosecute. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001).

The power to dismiss an action for lack of prosecution is necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Branham v. Home Depot U.S.A., Inc.*, 225 F. Supp. 2d 762, 769 n. 4 (E.D. Mich. 2002) (stating that, "[a]lthough [Federal] Rule 41(b) nominally requires a motion by defendant, Eastern District of Michigan Local Rule 41.2 expressly authorizes *sua sponte* dismissals for lack of prosecution").

Plaintiff has taken no steps to pursue this case since he filed his complaint. Given that the documents mailed to him at his last known address were returned to the

Court as undeliverable, it is possible that Plaintiff has been released or transferred to another correctional facility. In either case, Plaintiff has not provided the Court with his current address and it is therefore not possible for the Court to communicate with Plaintiff to advance the case.

Accordingly, the case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for Plaintiff's failure to provide the Court with prompt notice of his correct address.

**SO ORDERED**.

Dated: January 20, 2017         s/Terrence G. Berg
                                TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on January 20, 2017, using the CM/ECF system, which will send notification to all parties.

                                s/A. Chubb
                                Case Manager